IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PSHATOIA LAROSE, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-02687-E (BT) |
| AT&T INC., | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Pshatoia LaRose seeks leave to proceed *in forma pauperis* in this *pro se* civil action. The Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice unless she pays the $405 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action *in forma pauperis* (IFP)—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether

the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Courts may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022); *see also Logan v. Logan,* 2023 WL 9052109, at *1 (N.D. Tex. Dec. 29, 2023) (citing *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988)).

      Plaintiff claims that she owns real property that generates $2,400 a month in income. ECF No. 4 at 1. She claims to be employed but temporarily disabled. *Id.* at 1. She claims to have $34 in a checking account, but in two other recently filed lawsuits in this District, Plaintiff claimed to have thousands of dollars in her checking account. *See LaRose v. Combs, et al.*, No. 3:24-cv-2242-L-BN (N.D. Tex. Sept. 9, 2024) (finding that Plaintiff had not established IFP status and ordering her to pay the filing fee in part because she claimed to have over $9,000 in her checking account); *LaRose v. McFarland, et al.*, No. 3:24-cv-2375-X-BN (N.D. Tex. Oct. 16, 2024) (same, but in this case Plaintiff claimed to have nearly $4,000 in her checking account). Plaintiff claims that she owns jewelry worth $4,800, a home worth $251,600, and a 2010 Mercedes Benz of an unknown value. *Id.* at 4. Plaintiff claims that her expenses total $4,722 a month, and that includes $400 a

month on unexplained "storage" and $350 a month in unexplained transportation expenses even though she also claims to pay $225 a month in vehicle insurance. *Id.* at 4. Plaintiff does not list any dependents. *Id.* at 3.

Based on this information, Plaintiff has failed to show that payment of the $405 filing fee would cause her undue financial hardship. Plaintiff receives $33,522 a year in income from her real property[1], putting her well above the poverty line for a household of one. *See Holloway v. SiFuentes*, 2024 WL 4183533, at *1 (N.D. Tex. Apr. 24, 2024) (noting that the Department of Health and Human Services poverty guidelines for 2024 establish a guideline for one-person household of $15,060); *see also* DEP'T OF HEALTH & HUMAN SERV., POVERTY GUIDELINES (Jan. 2024), 2024 Poverty Guidelines Computations | ASPE (last visited November 4, 2024).

Further Plaintiff is employed and has valuable assets including jewelry and a home. *See Powell v. Gov. Federal Rsrv. of New York*, 2014 WL 1883672, at *2 (S.D. Miss. May 12, 2014) (denying IFP application when the plaintiff's expenses exceeded income, but the plaintiff had valuable assets including a home and a luxury vehicle). And while Plaintiff's claimed expenses exceed her income, it appears that at least some expenses—including her storage and transportation expenses—are discretionary. Finally, Plaintiff claims that she only has around $30

---

[1] Plaintiff claims that all her real property income goes "directly to business," but she does not explain what that means or how it diminishes her financial status. ECF No. 4 at 2.

3

in her checking account, but in other recent cases, she claimed that she had thousands in her checking account. *See LaRose v. Combs, et al.*, No. 3:24-cv-2242-L-BN (N.D. Tex. Sept. 9, 2024); *LaRose v. McFarland, et al.*, No. 3:24-cv-2375-X-BN (N.D. Tex. Oct. 16, 2024). She does not explain that apparent discrepancy here.

In sum, for all these reasons, Plaintiff fails to show that payment of the filing fee would impose an undue financial hardship, and the Court should deny her IFP application.

## Recommendation

The Court should **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice unless she pays the $405 filing fee within thirty days of an order accepting this recommendation or by some other deadline established by the Court.

SO RECOMMENDED.

November 5, 2024.

                            REBECCA RUTHERFORD
                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).